IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIE WYKE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| US WELLS SERVICES, LLC | § | |
| Defendant. | § | |

### PLAINTIFF, MARIE WYKE'S, ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Marie Wyke, hereinafter called Plaintiff, complaining of and about US Wells Services, LLC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Marie Wyke, is a citizen of the United States and the State of Texas and resides in Tom Green County, Texas.

2. Defendant US Wells Services, LLC is a Limited Liability Company doing business in Texas and may be served at the following address: 6728 Highway 853, San Angelo, Texas 76901.

### JURISDICTION

3. The action arises under Title VII of the Civil Rights Act, Title I of the Americans with Disabilities Act of 1990, the Genetic Information Nondiscrimination Act of 2008, the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 2601 of the Family Medical Leave Act, the Equal Employment Opportunity Act of 1972, and Texas Labor Code as

hereinafter more fully appears.

4.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5.      This is an action under Title 42 U.S.C. Section 2000e et. seq., 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color and sex, 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act, 29 U.S.C. Section 621 et. seq. to correct violations of the Age Discrimination in Employment Act, and the Texas Labor Code.

## CONDITIONS PRECEDENT

6.      All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7.      Plaintiff Marie Wyke was employed with US Wells Services from March 26, 2018 until January 18, 2019. She was employed as lead dispatcher for the company for a number of months. She also acted as DOT coordinator in which she set up DQ files and performed other duties required of that position until the company hired someone to fill the position. Marie Wyke was a valued employee, was good at her job, worked hard, took on extra work when required by the employer and was well respected by her fellow employees. However, in 2018, Plaintiff was diagnosed with cancer, and this caused her to undergo

chemotherapy, have operations on her cancer, and miss time from work. When she returned to work at her job with US Wells Services, things had markedly changed with regard to the supervisor's attitude toward her. She was consistently being written up for violations of the company's codes without proper justification. Plaintiff had always gone out of her way to do extra work as her job as lead dispatcher for the company, and suddenly, there were things being done that made it clear that they intended to drive her from her employment.

Various actions were perpetrated against Plaintiff that preceded her termination in January of 2019. First, she was never allowed to take breaks on the clock while all others were allowed to take breaks. She was not allowed to attend her chemotherapy pump removal during a lunch hour where others were permitted to leave the offices for lunch. She was not permitted to leave the premises for lunch while all others were allowed to leave the premises. Coworkers were told she was going to be too ill to do her job after her cancer surgery, and protected health information was shared with others without her consent. When she returned from her cancer surgery, her job duties tripled overnight. Coworkers were permitted to refer to her as "the black bitch." She reported this behavior to her superiors, and no action was taken. She was made the subject of practical jokes on an everyday basis while others were not. She was reprimanded on occasion for not wearing her protective gear while outside and threatened with termination, demotion and reduced pay as a result while others were not written up. She was passed over for a promised promotion, in fact was demoted and her pay was decreased. Other workers were permitted to violate company directives and policies with respect to their treatment of the Plaintiff without reprimand or punishment. Plaintiff was not taken through the progressive discipline policies of the company prior to termination. The company supervisor ignored the handbook and guidelines and terminated her without any progressive discipline being taken or

followed through.

Plaintiff has learned that the company has a reputation that precedes itself for disparate treatment of African American employees. They obviously continued this treatment with Plaintiff. When Plaintiff returned from her cancer surgery, her work schedule had changed and she was told she did not have to report to her off-site supervisor. When she did report to the supervisor, she was harassed and reported for having reported to her supervisor. Plaintiff was terminated on a Friday and on Monday, three additional persons were hired to do her job and two additional persons were in training to replace her job functions. All of her replacements were white and/or Hispanic, and all were younger than 40 years old which was much younger than the Plaintiff. Plaintiff made formal complaints to her supervisors and her superiors on numerous occasions and to her coworkers that her job was in jeopardy and in fact, as a result, Plaintiff was terminated wrongfully.

Causes of action are wrongful termination, gender discrimination, race discrimination under Title 7 of the Civil Rights Act, age discrimination, discrimination under the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act, violations of the Family Medical Leave Act by the company, and discrimination under the Age Discrimination Employment Act. Plaintiff in each case was discriminated against by the company because of her sex, her race, her gender, her age and the fact that she had contracted cancer and was terminated wrongfully.

**RACE AND COLOR DISCRIMINATION**

8. Defendant, US Wells Services, LLC, intentionally engaged in unlawful employment practices involving Plaintiff because of her race and color.

9. The unlawful employment practices of Defendant had a disparate and adverse

impact on Plaintiff because of her race and color. Such employment practices were not job-related and were not consistent with business necessity.

10. Defendant also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## SEX DISCRIMINATION

11. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

12. The unlawful employment practices of Defendant had a disparate and adverse impact on Plaintiff because Plaintiff is a female. Such employment practices were not job-related and were not consistent with business necessity.

## DISCRIMINATION

13. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race, color, age and sex in violation of 42 U.S.C. Section 2000e-(2)(a) and 42 U.S.C. Section 1981.

14. Plaintiff was treated differently and discriminated against because of her disability suffering from cancer and was treated differently than other employees in violation Title I of the Americans with Disabilities Act of 1990.

15. Defendant classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a) and 42 U.S.C. Section 1981.

## DAMAGES

16. Plaintiff sustained the following damages as a result of the actions and/or

omissions of Defendant described hereinabove:

    a.    Plaintiff was terminated from her employment;

    b.    Plaintiff was denied wages and should be compensated in an amount that the Court deems equitable and just for such lost wages as well as future lost wages;

    c.    Plaintiff has suffered the loss of medical insurance benefits and other employment related benefits;

    d.    Plaintiff has incurred reasonable and necessary costs in pursuit of this suit;

    e.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff.

## SPECIFIC RELIEF

17.    Plaintiff seeks the following specific relief of $2,000,000.00 which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.    Reimburse Plaintiff for medical expenses that should have been covered under her health insurance plan with Defendant.

    b.    Repay Plaintiff's lost wages as a result of her wrongful termination, as well as lost wages she would have earned in the future.

    c.    Reimburse Plaintiff any out-of-pocket expenses she has incurred since her wrongful termination.

    a.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Marie Wyke, respectfully

prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Dennis R. Croman
Texas Bar No. 05102000
Northern District Bar No: 05102000
E-Mail: cromanlaw@aol.com
4425 West Airport Freeway
Suite 242
Irving, Texas 75062
Tel. (972) 887-3072
Fax. (972) 887-3199
Attorney for Plaintiff Marie Wyke

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**